UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DONALD WINCHESTER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No: 1:14-cv-449 |
| | ) |
| **NIXON TOOL COMPANY INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT – WITH JURY DEMAND

Plaintiff Donald Winchester, by counsel, for his Complaint against Defendant Nixon Tool Company Inc., states as follows:

## JURISDICTION AND VENUE

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and 42 U.S.C. § 12117(a).

3. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Donald Winchester ("Winchester") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Wayne County, Indiana.

5. During the course of his employment at Nixon Tool Company, Inc. ("Nixon"), Winchester

was an "employee" of Nixon within the meaning of the ADA and the ADEA.

6. Defendant Nixon is a for profit domestic corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 301 North Third Street, Richmond, Indiana 47375.

7. Nixon is an "employer" within the meaning of the ADA and the ADEA,

## FACTS

8. Donald Winchester began working at Nixon Tool Company on September 14, 1987.

9. During his time at Nixon, he held the positions of Vice President, Management Representative, Quality Manager, and Trouble Shooter.

10. Winchester met or exceeded Nixon's legitimate expectations throughout his employment at Nixon.

11. On March 27, 2013, Winchester was admitted to the hospital for heart surgery.

12. On May 13, 2013, Winchester was released to return for work.

13. When Winchester informed Nixon's president, Scott Nixon, that he could return to work, Nixon informed Winchester that he did not have a position for him and that he would be terminated.

14. Nixon terminated Winchester because of his age and/or disability.

15. Nixon was terminated effective May 10, 2013.

## ADMINISTRATIVE PROCEDURES

16. On October 30, 2013, Winchester initiated a complaint of discrimination on the basis of disability and age against Nixon with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2014-00296. A true and accurate copy of the charge

17. of discrimination is attached hereto as <u>Exhibit A</u>.

17. On December 23, 2013, the EEOC issued Winchester a Notice of Right to Sue which was received on December 26, 2013. A true and accurate copy of the Notice of Right to Sue is attached hereto as <u>Exhibit B</u>.

18. Winchester had ninety (90) days from the receipt of the Notice of Right to Sue to file his Complaint, which time has not passed.

## **COUNT I - DISCRIMINATION ON THE BASIS OF DISABILITY**

18. All previous paragraphs are hereby incorporated by reference.

19. Winchester is a qualified individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

20. Winchester has a record of disability and was regarded as having a disability by Defendants within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

21. Nixon engaged in unlawful discrimination on the basis of disability, when it terminated Winchester because of his disability and perceived disability.

22. Nixon has engaged in discriminatory treatment of Winchester on the basis of disability and has acted with malice or reckless disregard of Winchester's rights as a disabled employee in violation of the Americans with Disabilities Act, as amended.

## **COUNT II - WILLFUL AGE DISCRIMINATION**

23. All preceding paragraphs are incorporated herein by reference.

24. Winchester was 66 years old at the time of his termination from Nixon.

25. Nixon engaged in unlawful discrimination in violation of the Age Discrimination in

Employment Act (ADEA) when it terminated Winchester on account of his age.

26. Nixon has willfully and intentionally engaged in discriminatory treatment of Winchester on the basis of age and has acted with malice or reckless disregard of Winchester's rights as an older employee.

**WHEREFORE**, Plaintiff Donald Winchester prays for the judgment of this Court against Defendant Nixon Tool Company Inc., as follows:

A. An award of back pay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Plaintiff's termination from employment with the Defendant.

B. Compensatory and punitive damages in an amount to be determined by a jury to compensate Plaintiff for the emotional distress and mental anguish that he has suffered because of Defendant's discriminatory conduct and to deter Defendant and other employers from engaging in discriminatory conduct in the future.

C. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the law was willful.

D. An order directing the Defendant to reinstate the Plaintiff.

E. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of front pay and damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied continued employment with the Defendant.

F. An award of attorneys fees and costs.

G. Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

  /s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Donald Winchester

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

  /s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Donald Winchester

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com